IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                                   ORDER

              Plaintiff,

                                                  09-cv-532-bbc

    v.

CYNTHIA THORPE and DR. COX,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In a November 25, 2009 order, I granted plaintiff Willie Simpson leave to proceed in forma pauperis on his claims that defendants Burton Cox and Cynthia Thorpe are denying him adequate medical care in violation of the Eighth Amendment. Also, because plaintiff alleges that he is in imminent danger, I construed his complaint as including a motion for preliminary injunctive relief and set a briefing schedule on this motion. I gave plaintiff until December 18, 2009 to file a brief supporting his claims, proposed findings of fact and any evidence he has to support his request for injunctive relief.

       Instead of filing these materials, plaintiff has filed a motion for a 90-day extension of time for briefing this motion because he needs more time for discovery. Plaintiff states that he deliberately did not bring his own motion for preliminary injunctive relief along with

1

his complaint because he knew he would need more time for discovery, and argues that the court violated Fed. R. Civ. P. 7 by ordering the parties to submit pleadings other than those authorized by the rule. He argues further that the court intentionally gave him little time to file his materials so that it would be easier to dismiss the case once he failed on his motion. Plaintiff is incorrect in thinking that the court violated Rule 7 by asking for briefing on the motion or that the court intends to hamper plaintiff's ability to support his motion in order to gain a quick dismissal of the action. The purpose of construing plaintiff's complaint as including a motion for preliminary injunctive relief was to give plaintiff a chance to quickly seek injunctive relief from the alleged imminent danger he faces. However, now that plaintiff makes it clear that he needs more time to properly brief the motion for preliminary injunctive relief, I will grant in part his motion for an extension of time. Plaintiff may have until February 18, 2010 to file his materials in support of the motion for preliminary injunctive relief. Defendants may have until March 11, 2010, to file their materials in opposition. Should plaintiff seek a further extension of time, he will have to explain with particularity what discovery he needs and why he was not able to meet the current deadline.

ORDER

IT IS ORDERED that plaintiff Willie Simpson's motion for a 90-day extension of

time to file his materials in support of his motion for preliminary injunctive relief, dkt. #22, is GRANTED IN PART. Plaintiff may have until February 18, 2010 to file his supporting materials. Defendants may have until March 11, 2010, to file their materials in opposition.

Entered this 13th day of January, 2010.

                          BY THE COURT:

                          /s/
                          _____
                          BARBARA B. CRABB
                          District Judge