IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                                                    ORDER

                Plaintiff,

                                                                    09-cv-532-bbc

    v.

CYNTHIA THORPE and DR. COX,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Willie Simpson is proceeding in forma pauperis on his claims that defendants Burton Cox and Cynthia Thorpe are denying him adequate medical care for his HIV and tumors on his organs, in violation of the Eighth Amendment.  Because plaintiff alleges that he is in imminent danger, I construed his complaint as including a motion for preliminary injunctive relief and set a briefing schedule on this motion.  I gave plaintiff until December 18, 2009 to file his materials in support of the motion for a preliminary injunction.

        Plaintiff responded by filing a motion for an extension of time, stating that he has run into numerous roadblocks in the discovery process and could not yet file proper supporting materials.  Plaintiff stated also that he deliberately did not bring his own motion for preliminary injunctive relief along with his complaint because he knew he would need more

1

time for discovery, and argued that the court violated Fed. R. Civ. P. 7 by ordering the parties to submit pleadings other than those authorized by the rule. Finally, he argued that the court intentionally gave him little time to file his materials so that it would be easier to dismiss the case once he failed on his motion.

In a January 13, 2010 order, I stated the following:

> Plaintiff is incorrect in thinking that the court violated Rule 7 by asking for briefing on the motion or that the court intends to hamper plaintiff's ability to support his motion in order to gain a quick dismissal of the action. The purpose of construing plaintiff's complaint as including a motion for preliminary injunctive relief was to give plaintiff a chance to quickly seek injunctive relief from the alleged imminent danger he faces. However, now that plaintiff makes it clear that he needs more time to properly brief the motion for preliminary injunctive relief, I will grant in part his motion for an extension of time.

I gave plaintiff until February 18, 2010 to file his materials in support of the motion for preliminary injunctive relief.

Plaintiff did not file his supporting materials. Instead, he has filed (1) an interlocutory appeal of the January 13, 2010 order; (2) a motion for leave to proceed in forma pauperis on appeal; (3) a motion to stay the preliminary injunction proceedings pending a decision on the interlocutory appeal; (4) a motion for a 90-day extension of the February 18, 2010 deadline to file his materials in support of the motion for preliminary injunctive relief; and (5) a motion to compel.

The general thrust of plaintiff's filings is that he wants the preliminary injunction

2

proceedings delayed or canceled outright because he is not ready to file his materials in support of the motion for an injunction. However, most of these filings are rendered moot by the fact that plaintiff has been transferred from the Wisconsin Secure Program Facility, where plaintiff alleged he was not able to get adequate medical care, to the Green Bay Correctional Institution. Because plaintiff has been transferred, he can no longer pursue injunctive relief against defendants. I will deny each of his motions.

1. Interlocutory appeal

I understand plaintiff to be asking for certification that he can take an interlocutory appeal under 28 U.S.C. §1292(b) from the January 13, 2010 order in this case.

28 U.S.C. § 1292(b) states in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Plaintiff's main argument on appeal is that the court erred in construing his imminent danger complaint as including a motion for preliminary injunctive relief and mandating the partes brief the issue in violation of Fed. R. Civ. P. 7 by ordering the parties to submit pleadings other than those authorized by the rule. I conclude that there is not a substantial

3

ground for a difference of opinion on the question whether I violated Rule 7 by initiating preliminary injunction proceedings. The briefs, proposed findings of fact and supporting evidence required by this court are not "pleadings" barred by Rule 7. In addition, an appeal from this order will not materially advance the ultimate termination of this litigation, particularly given plaintiff's transfer, which eliminates the need for preliminary injunction proceedings altogether. Therefore, I will deny plaintiff's request for a certification that he can take an interlocutory appeal from the January 29, 2010 order in this case.

Nevertheless, plaintiff's filing of a notice of appeal triggers a financial obligation: he owes $455 fee for filing his notice of appeal. Plaintiff requests leave to proceed in forma pauperis on appeal. However, I will deny that request because I certify that his frivolous appeal from a non-final order is not taken in good faith. Because I am certifying plaintiff's appeal as not having been taken in good faith, plaintiff cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Plaintiff should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline. If plaintiff fails

4

to pay the fee within the deadline, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from plaintiff's prison account.

2. Motions to stay/extend preliminary injunction briefing schedule

Plaintiff has filed a motion to stay the preliminary injunction proceedings pending a decision on the interlocutory appeal as well as a motion for a 90-day extension of the February 18, 2010 deadline to file his materials in support of the motion for preliminary injunctive relief. Plaintiff's claims relate to his medical treatment at the Wisconsin Secure Program Facility. However, because he is no longer incarcerated there, he cannot seek injunctive relief on his present claims. Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004) ("When a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.") Accordingly, I will deny plaintiff's motion for preliminary injunctive relief as moot and cancel the briefing schedule set for that motion. Also, I will deny as moot plaintiff's motion to stay the preliminary injunction proceedings and motion for a 90-day extension of the deadline to file his materials in support.

I note that despite plaintiff's transfer, he may still pursue this case for money damages. His in forma pauperis status is not revoked even though he has been removed from the alleged imminent danger. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)

5

(case not mooted under 28 U.S.C. § 1915(g) when plaintiff transferred to new prison; § 1915(g) "only limits when frequent filers can proceed IFP, and says nothing about limiting the substance of their claims.")

However, even if plaintiff prevails in this case, the court will not be able to order particular medical treatment to be given to him in the future. His case involves only what he was denied in the past. To the extent plaintiff's ultimate goal is to receive medical treatment for his HIV and tumors, he should seek treatment from the medical staff at the Green Bay Correctional Institution. Should he encounter the same mistreatment that he alleges he received at the Wisconsin Secure Program Facility, he is free to raise those issues with the court at a future date.

3. Motion to compel

Finally, plaintiff has filed a motion to compel defendants to produce defendant Cox's answers to plaintiff's interrogatories and for other "documents and things" he has requested. Defendants state that they have now responded to plaintiff's requests. They include copies of Cox's answers to plaintiff's interrogatories and their response to plaintiff's request for the production of documents. Accordingly, I will deny plaintiff's motion to compel. However, I note that defendants object to many of plaintiff's document requests because they are extremely broad. (For example, he requests "all" medical records in defendants' possession.)

6

Plaintiff should narrow his requests for documents to those relevant to his case. If he is dissatisfied with defendants' response to his amended requests, he is free to file a new motion to compel, but he will have to explain why he needs the documents he is requesting.

ORDER

IT IS ORDERED that

1. Plaintiff Willie Simpson's motion for preliminary injunctive relief is DENIED as moot because he has been transferred to the Green Bay Correctional Institution.

2. Plaintiff's motion for the court to certify that an interlocutory appeal may be taken from the January 13, 2010 order in this case is DENIED.

3. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #39, is DENIED. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

4. Plaintiff's motion to stay the preliminary injunction proceedings pending a decision on the interlocutory appeal, dkt. #30, is DENIED as moot.

5. Plaintiff's motion for a 90-day extension of the February 18, 2010 deadline to file his materials in support of the motion for preliminary injunctive relief is DENIED as moot.

6. Plaintiff's motion to compel, dkt. #43, is DENIED.

Entered this 18th day of March, 2010.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge