IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                                           ORDER

          Plaintiff,

                                                      09-cv-532-bbc

    v.

CYNTHIA THORPE and DR. COX,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Willie Simpson is proceeding in forma pauperis on his claims that defendants Burton Cox and Cynthia Thorpe are denying him adequate medical care for his HIV symptoms and lesions on his organs, in violation of the Eighth Amendment. Plaintiff has filed a motion to voluntarily dismiss his claim that defendants discontinued his multivitamin, a motion for summary judgment on his claims against defendant Thorpe and a motion for reconsideration of the court's March 19, 2010 order denying his motion for injunctive relief.

        Because at this point in the litigation, plaintiff may only voluntarily dismiss claims with prejudice, I will give him a chance to confirm that he seeks voluntary dismissal of his multivitamin claim. Also, I will deny plaintiff's motion for summary judgment and his

1

motion for reconsideration of the March 19, 2010 order.

MOTION FOR VOLUNTARY DISMISSAL

First, plaintiff has filed a motion to voluntarily dismiss the portion of his claims alleging that defendants discontinued his multivitamin and replaced it with a pill he believed to be a placebo. When a motion for voluntary dismissal is filed after the defendants have filed an answer, Rule 41(a)(2) provides that the action may be dismissed by the plaintiff "only upon order of the court and upon such terms and conditions as the court deems proper." Because defendants have been required to defend this action, I will grant plaintiff's motion for voluntary dismissal only on the condition that the dismissal is with prejudice. This means that the order dismissing this claim will serve as a judgment on the merits in favor of defendants.

Plaintiff has two options:

(1) If he does not want to prosecute the multivitamin claim any longer, he can do nothing. In that event, the claim will be dismissed with prejudice. ("With prejudice" means that plaintiff can never bring the same claim against the same defendants); or

(2) If he objects to a dismissal of the claim with prejudice, he may have until July 29, 2010, to write to the court to withdraw his motion for voluntary dismissal.

2

MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed a motion for summary judgment on his claims against defendant Thorpe. (In his motion, plaintiff states he is seeking summary judgment against "defendants," but his briefs, as well as defendants', focus solely on Thorpe.) The parties have now fully briefed the issues and provided supporting materials in accordance with the court's procedures. (Plaintiff filed a motion for an extension of time to file his reply materials, dkt. #69, alleging that his legal materials were taken from him, but shortly thereafter he was able to file his reply, so I will deny this motion as moot.) For the sole purpose of deciding this motion for summary judgment, I find from the parties' submissions that the following facts are material and undisputed, unless otherwise noted.

A. Undisputed Facts

Plaintiff is an inmate incarcerated at the Green Bay Correctional Institution. He has been diagnosed with the human immunodeficiency virus. Defendants Burton Cox and Cynthia Thorpe are employed by the Wisconsin Department of Corrections; Cox is a physician at the Wisconsin Secure Program Facility and Thorpe, a licenced registered nurse, is the Bureau of Health Services nursing coordinator. Plaintiff was incarcerated at the Wisconsin Secure Program Facility from April 24, 2009 until his transfer to the Green Bay Correctional Institution on February 23, 2010. Before then, he was incarcerated at the

3

Columbia Correctional Institution.

1. Splenic cyst and lesions on liver

In October 2008, plaintiff experienced intense pain in his stomach and left side and urinated blood. He was taken to the University of Wisconsin Hospital Clinic, where a CT scan showed a 4.5 centimeter lesion in his spleen, believed to be a cyst. In October 2009, when plaintiff experienced intense pain on his right side and suffered from pancytopenia (an abnormal reduction in the number of red blood cells, white blood cells and blood platelets in the blood), he was transported to the UW Hospital Clinic, where a CT scan showed the splenic cyst as well as several lesions on his liver believed to be benign cavernous hemangiomas.

The parties dispute the extent to which plaintiff was treated for these problems. Plaintiff has proposed findings of fact to the effect that he was denied treatment for the splenic cyst and lesions on his liver, citing the inmate complaint examiner reports for the two grievances he filed about his lack of treatment. Defendants dispute these proposed findings, noting that the medical staff contacted by the inmate complaint examiners stated that treatment was not necessary but explained the options that plaintiff had to raise his concerns to medical staff. It is undisputed that plaintiff's inmate complaints proceeded as follows:

4

On March 20, 2009, plaintiff filed Offender Complaint CCI-2009-6726, complaining that Dr. Suliene and health services manager Lori Alsum denied him treatment for his splenic cyst. Institution complaint examiner David Lipinski investigated the complaint. Alsum provided Lipinski with a statement indicating that Suliene considered treatment unnecessary because it was "an asymptomatic finding." She stated that "[t]his is not an acute condition," that he could address his concerns further at the GI Clinic and that he had a followup appointment scheduled. Lipinski recommended that the complaint be dismissed, stating that he was not in a position to question the treatment decisions made by professional Health Services Unit staff. Defendant Thorpe dismissed the complaint on March 23, 2009, and the decision was ultimately accepted by the Office of the Secretary.

On November 9, 2009, plaintiff filed Offender Complaint WSPF-2009-24787, alleging that he was being denied treatment for his splenic cyst and lesions on his liver. Institution complaint examiner Ellen Ray contacted Health Services Unit staff member Ms. Miller and received the following information: "This patient's hemangiomas are benign which means they do not require or need medical attention. There was a CT done on 10/15/9 that outlines this fact and reports an essentially ok exam." Ray recommended that the complaint be dismissed, stating that she brought no expertise to the task of evaluating the diagnosis. Defendant Thorpe dismissed the complaint on November 11, 2009. Plaintiff appealed all the way to the Office of the Secretary, where his complaint was dismissed.

In addition, plaintiff cites a December 3, 2009 report by Sarah Affeldt, a physician's assistant at the University of Wisconsin Hospital Clinic, arguing that Affeldt recommended an appointment to get a second opinion on the nature of plaintiff's cyst and lesions and if necessary, a biopsy. However, in her report, Affeldt stated that she was hesitant to recommend any further procedures because they were not recommended by radiology or GI. She stated, "I believe he wants a General Surgery visit, as he thinks that he should get these biopsied. Please feel free to schedule an appointment with General Surgery if you would like him to get a second opinion . . ." In any case, this report is irrelevant because defendant Thorpe's denials of his inmate complaints predate this report.

Plaintiff says that he suffers "intense pain" every day. (Defendants do not dispute the fact that plaintiff suffers pain. He goes on to state that the pain is from the splenic cyst and lesions on his liver, but this assertion is unsupported by evidence. Also, plaintiff states that the splenic cyst spread to his liver, infecting and damaging it, citing medical reports from the UW Hospital Clinic. However, these documents do not support that conclusion so I will disregard that proposed finding.)

2. <u>Weight loss</u>

In 2002, a Dr. Wong ordered plaintiff a 4000-calorie, double-protein, three-meals-a-day diet to treat plaintiff's weight loss and "cachexia," or wasting, from HIV in accordance

6

with Department of Corrections policy. On January 8, 2009, plaintiff weighed 195 pounds. On April 27, 2009, defendant Cox discontinued the double-portion diet and replaced it with the standard three meals a day along with a high-calorie/high-protein bag meal once a day.

After his 4000-calorie diet was discontinued, plaintiff experienced hunger pains, dizziness, weakness and fatigue. Plaintiff filed Offender Complaint WSPF-2009-10452 on May 7, 2009, complaining about being denied double meal portions. Institution complaint examiner Ellen Ray investigated plaintiff's complaint. Ray contacted the Food Services Manager, Ms. Iverson, who reported that Dr. Cox changed plaintiff's diet order to "high calorie/high protein HS snack bag," Iverson stated that the high calorie/high protein diet is believed to be the most effective for plaintiff's condition in accordance with the DOC Diet Manual. Ray determined that both HSU and Food Service agreed that this diet was the correct one for plaintiff and therefore, recommended that the complaint be dismissed. On May 11, 2009, acting as a reviewing authority within the inmate complaint review system, defendant Thorpe followed Ray's recommendation and dismissed the offender complaint. Plaintiff appealed this decision to the Office of the Secretary, where his complaint was dismissed.

On September 2, 2009, plaintiff was weighed at 175 pounds. Plaintiff made several requests to defendant Cox to reorder the 4000-calorie diet. Defendant Cox refused. On other dates, plaintiff's weight was recorded as follows: 181 lbs. on June 10, 2009; 180 lbs.

on July 19, 2009; 188 lbs. on August 22, 2009; 179 lbs. on October 8, 2009; and 179 lbs. on November 2, 2009.

Plaintiff filed Offender Complaint WSPF-2009-13852 on June 22, 2009, complaining about not getting a proper diet to combat HIV wasting. Institution complaint examiner Ellen Ray conducted an investigation concerning plaintiff's complaint. Ray contacted the Health Services Unit staff member Ms. Miller, who reported that defendant Cox changed plaintiff's diet order to "regular high calorie/high protein HS snack bag. no bologna or salami." Based on this information, Ray recommended that this complaint be dismissed. On June 23, 2009, acting as a reviewing authority within the inmate complaint review system, defendant Thorpe followed the recommendation of Ray and dismissed the offender complaint. Plaintiff appealed this decision to the Office of the Secretary, where his complaint was dismissed.

c. Defendant Thorpe's role

The parties initially dispute the contours of defendant Thorpe's role as regional nursing coordinator. Plaintiff states that Thorpe directly supervises the activities of Bureau of Health Services classified employees and lower level supervisors, and is responsible for the coordination and oversight of health services. In support, plaintiff cites Thorpe's answers to interrogatories and a copy of her position description. Those documents show that

8

Thorpe does supervise certain employees but not doctors (or defendant Cox or Dr. Suliene in particular, as plaintiff attempts to argue in his brief).  In her affidavit, Thorpe states that she does not supervise the day-to-day operations of individual correctional institutions, supervise institution staff or have any control over their medical treatment decisions. (Plaintiff raises a reasonable dispute to this fact, noting that Thorpe reviews treatment decisions as part of the inmate complaint review system.)  Plaintiff proposes facts to the effect that because Thorpe is the regional nursing coordinator, her dismissals of his inmate complaints stood as "final (WDOC) systemwide," but he does not provide any evidence supporting those proposed facts and these proposed facts do not square with the undisputed fact that Thorpe's dismissals were reviewed by the corrections complaint examiner and the Office of the Secretary.

## B.  Discussion

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Under the Eighth Amendment, a prison official may violate a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious medical need."  Estelle

9

v. Gamble, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), if it causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994).

"Deliberate indifference" means that prison officials know of and disregard an excessive risk to inmate health and safety. Farmer, 511 U.S. at 837. Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996); Snipes v. DeTella, 95 F.3d 586, 590-91 (7th Cir. 1996). Thus, disagreement with a doctor's medical judgment, incorrect diagnosis or improper treatment resulting from negligence is insufficient to state an Eighth Amendment claim. Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir. 1997); Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996). Instead, "deliberate indifference may be inferred [from] a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to

10

demonstrate that the person responsible did not base the decision on such a judgment." Estate of Cole, 94 F.3d at 261-62.

Plaintiff has moved for summary judgment on his claims that defendant Thorpe was deliberately indifferent to his serious medical needs by dismissing his complaints about the discontinuation of his double-portion meals and the decision to not treat his spleen and liver lesions. Plaintiff's claims against Thorpe are complicated by the fact that she has not treated plaintiff directly. Although Thorpe is a registered nurse, it is undisputed that her only relevant contact with plaintiff has been in reviewing his inmate complaints. I will deny plaintiff's motion for two reasons.

First, it is disputed whether defendant Thorpe's role in reviewing inmate complaints includes the duty to overrule medical decisions made by Health Services Unit staff. Usually, inmate complaint reviewers are "entitled to relegate to the prison's medical staff the provision of good medical care." Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). In the screening order in this case, I allowed plaintiff to proceed with claims against defendant Thorpe despite Burks because I concluded from his allegations that a reasonable inference could be drawn that as the nursing coordinator, Thorp could exercise authority over medical staff's treatment decisions. At the summary judgment stage, Thorpe has presented evidence indicating that she does not supervise doctors or have any control over medical treatment decisions.

11

Second, even if defendant Thorpe had the authority to overrule medical staff's treatment decisions, plaintiff would have to submit evidence showing that she was deliberately indifferent in upholding the medical staff's treatment decisions. Mere negligence is not enough to prove deliberate indifference. Vance, 97 F.3d at 992. In order to show that Thorpe was deliberately indifferent, plaintiff would have to show that her decisions to uphold the treatment decisions of others were based on "such substantial departure[s] from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision[s] on such a judgment." Estate of Cole, 94 F.3d at 261-62. At this point, the evidence adduced by the parties shows that medical staff believed that plaintiff's cyst and lesions were benign and that the high protein/high calorie snack bag was appropriate for plaintiff's medical condition. Accordingly, I will deny plaintiff's motion for summary judgment.

MOTION FOR RECONSIDERATION

Finally, plaintiff has filed a motion asking for reconsideration of the March 19, 2010 order to the extent I denied plaintiff's motion for injunctive relief because any such relief was moot following plaintiff's transfer to a new institution. Plaintiff argues that his claim for injunctive relief is not moot because defendant Thorpe issued "system-wide" final decisions regarding his medical care, and therefore he cannot receive the medical treatment

12

he desires. Plaintiff analogizes his situation to the facts in Lehn v. Holmes, 364 F.3d 862, 872 (7th Cir. 2004), in which the court ruled that a prisoner affected by a system-wide policy states a claim for relief even if he is moved out of the facility where he first encountered the policy, so long as the policy applies at his new institution. However, Lehn does not apply to the facts of this case because Thorpe's rulings as the "reviewing authority" of plaintiff's inmate complaints are not "system-wide policies." Rather, they were particularized decisions responding to plaintiff's complaints at his previous institutions. Plaintiff has not adduced any evidence suggesting that the medical staff at the Green Bay Correctional Institution is bound by Thorpe's rulings or restricted from prescribing what they believe to be the proper course of treatment. Therefore I will deny plaintiff's motion for reconsideration of the March 19, 2010 order denying his motion for injunctive relief.

ORDER

IT IS ORDERED that

1. Plaintiff Willie Simpson may have until July 29, 2010, in which to withdraw his motion to voluntarily dismiss his claim that defendants replaced his multivitamin with a placebo. If, by July 29, 2010, plaintiff fails to advise the court that he is withdrawing his notice of voluntary dismissal, the multivitamin claim will be dismissed with prejudice.

2. Plaintiff's motion for summary judgment, dkt. #52, is DENIED.

3. Plaintiff's motion for reconsideration of the March 19, 2010 order denying his motion for injunctive relief, dkt. #53, is DENIED.

4. Plaintiff's motion for an extension of time to file his reply materials in support of his motion for summary judgment, dkt. #69, is DENIED as moot.

Entered this 13th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge