IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                                           ORDER

                Plaintiff,

                                                           09-cv-532-bbc

      v.

CYNTHIA THORPE and DR. COX,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Willie Simpson is proceeding in forma pauperis on his claims that defendants Burton Cox and Cynthia Thorpe are denying him adequate medical care for his HIV symptoms and lesions on his organs, in violation of the Eighth Amendment. Currently before the court are three motions filed by plaintiff: (1) a motion to voluntarily dismiss a portion of his claims; (2) a motion for reconsideration of the July 13, 2010 order denying his motion for summary judgment on his claims against defendant Thorpe; and (3) a motion for judgment as a matter of law. I will grant plaintiff's motion to voluntarily dismiss a portion of his claims, but that dismissal is with prejudice. Also, I will deny his motions for reconsideration and for judgment as a matter of law.

1

DISCUSSION

A.  Motion for Voluntary Dismissal

Plaintiff has filed a motion to voluntarily dismiss the portion of his claims alleging that defendants discontinued his multivitamin and replaced it with a pill he believed to be a placebo.  In the court's July 13, 2010 order, I explained to plaintiff that at this point in the proceedings, any voluntary dismissal would be with prejudice, and gave him until July 29, 2010, to object to voluntary dismissal with prejudice.  Plaintiff did not object, so I will grant his motion for voluntary dismissal of this portion of his claims with prejudice.

B.  Motion for Reconsideration

Plaintiff has filed a motion for reconsideration of the July 13, 2010 order denying his motion for summary judgment on his claim that defendant Thorpe was deliberately indifferent to his serious medical needs by dismissing his inmate grievances about the discontinuation of double-portion meals to treat his HIV and medical staff's failure to treat lesions on his spleen and liver.  (In his motion, plaintiff stated that he sought summary judgment against "defendants," but his briefs, as well as defendants', focused solely on Thorpe.)  I denied the motion for summary judgment for two reasons: (1) it was disputed whether defendant Thorpe's role in reviewing inmate complaints included the duty to overrule medical decisions made by Health Services Unit staff; and (2) even if Thorpe's role

2

included that duty, plaintiff failed to show that her decisions to uphold the treatment decisions of others were based on "such substantial departure[s] from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision[s] on such a judgment." Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996). Plaintiff raises three arguments in support of his motion, which I will discuss in turn.

1. Arbitrary disregard of evidence

Plaintiff argues that I arbitrarily disregarded (1) evidence of his pain and (2) the December 3, 2009 medical report of Sarah Affeldt, a physician's assistant at the University of Wisconsin Hospital Clinic, addressed to defendant Cox. However, evidence of plaintiff's pain was not disregarded; in the July 13, 2010 order, I stated, "Plaintiff says that he suffers 'intense pain' every day," and noted that "[d]efendants do not dispute the fact that plaintiff suffers pain." To the extent plaintiff believes that he has put forward evidence that his splenic cyst and the lesions on his liver caused this pain, he is incorrect. Although plaintiff is not a medical professional, the court can credit his own testimony that he suffers pain. However, the court cannot credit his layperson opinion that the pain is caused by the cyst or lesions.

As for Affeldt's report, I discussed it in the July 13 order as follows:

3

>In addition, plaintiff cites a December 3, 2009 report [directed to defendant Cox\ by Sarah Affeldt, a physician's assistant at the University of Wisconsin Hospital Clinic, arguing that Affeldt recommended an appointment to get a second opinion on the nature of plaintiff's cyst and lesions and if necessary, a biopsy. However, in her report, Affeldt stated that she was hesitant to recommend any further procedures because they were not recommended by radiology or GI. She stated, "I believe he wants a General Surgery visit, as he thinks that he should get these biopsied. Please feel free to schedule an appointment with General Surgery if you would like him to get a second opinion . . ." In any case, this report is irrelevant because defendant Thorpe's denials of his inmate complaints predate this report.

Plaintiff argues that Affledlt's report is relevant even though it was written after Thorpe dismissed plaintiff's complaints because it is evidence of the appropriate standard of care for his ailments, and therefore can be used to show that defendant Thorpe's decisions constituted a substantial departure from accepted medical practice. It is true that medical staff's reports may be used by the court to understand the appropriate standard of care for a patient. However, Affeldt's report does not describe a standard of care or say that Thorpe violated the standard of care by denying plaintiff's requests for further treatment. Instead, she states that additional procedures were *not* recommended by the gastrointestinal or radiology clinics, and therefore Affeldt would not recommend further procedures. She did state that defendant Cox should "feel free to schedule an appointment with General Surgery at the University Clinic if [Cox] would like [plaintiff] to get a second opinion," but this is not a statement that a second opinion is necessary. At most, Affeldt presents this as an option that Dr. Cox could pursue if he thought it was appropriate. In short, this report does

4

not present the evidence plaintiff needed to show that defendant Thorpe acted with deliberate indifference to his serious medical needs.

2. Summary judgment standard

Next, plaintiff argues that the court "committed a manifest error" in applying the summary judgment standard by denying his motion. He cites Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), for the proposition that the moving party is "entitled to a judgment as a matter of law" when the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. Applying the standard, plaintiff believes he should have been granted summary judgment because defendant Cox failed to submit evidence supporting the argument that he was not deliberately indifferent to plaintiff's medical needs. This argument fails for two reasons. First, defendants were not put on notice that plaintiff sought summary judgment against defendant Cox; as noted above, his briefs focused solely on defendant Thorpe. Second, plaintiff misunderstands the language from Celotex. This standard generally comes into play when a *defendant* moves for summary judgment and argues that the *plaintiff* will not be able to submit evidence supporting its claims. In the present case, plaintiff moved for summary judgment, but this does not mean that he can be granted summary judgment under Celotex by saying that defendants have failed to prove they were *not* deliberately indifferent. Rather,

5

plaintiff retained the burden of submitting evidence proving that defendants *were* deliberately indifferent, and he failed to carry it.

3. Validity of the July 13, 2010 order

Finally, plaintiff argues that the July 13, 2010 order should be "stricken" under Fed. R. Civ. P. 11 because it is unsigned. However, Rule 11 does not apply to documents issued by courts. Rather, it applies to the documents submitted by the parties to a civil action. In any case, the July 13, 2010 order contains a valid electronic signature (the notation "/s/" above my name), so the order stands. Because I have rejected each of plaintiff's arguments, I will deny his motion for reconsideration.

## C. Motion for Judgment as a Matter of Law

Finally, plaintiff has filed a motion for judgment as a matter of law under Fed. R. Civ. P. 50, essentially reraising his argument about the Celotex standard. I will deny this motion for two reasons. First, Rule 50 motions are inappropriate at this point in the proceedings, before a jury has heard the evidence. Second, even if I were to construe this motion as one for reconsideration of the July 13, 2010 order, I would deny it because I have already rejected plaintiff's Celotex-based argument above.

6

ORDER

IT IS ORDERED that

1. Plaintiff Willie Simpson's motion to voluntarily dismiss the portion of his claims alleging that defendants discontinued his multivitamin and replaced it with a pill he believed to be a placebo, dkt. #51, is GRANTED, and that claim is dismissed with prejudice.

2. Plaintiff's motion for reconsideration of the court's July 13, 2010 order denying his motion for summary judgment, dkt. #79, is DENIED.

3. Plaintiff's motion for judgment as a matter of law, dkt. #81, is DENIED.

Entered this 15th day of September, 2010.

                                                  BY THE COURT:
                                                  /s/
                                                  BARBARA B. CRABB
                                                  District Judge