IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                          Plaintiff,

          v.

CYNTHIA THORPE and DR. COX,

                          Defendants.

ORDER

09-cv-532-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a February 7, 2011 order, I granted defendants Burton Cox and Cynthia Thorpe's motion for summary judgment on plaintiff Willie Simpson's claims that defendants are denying him adequate medical care for weight loss and lesions on his organs, in violation of the Eighth Amendment.  Judgment was entered the same day.  Now plaintiff has filed a notice of appeal along with a request to proceed in forma pauperis on appeal.

Plaintiff's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith.  I do not intend to certify that his appeal is not taken in good faith.  Also, although plaintiff has struck out under 28

1

U.S.C. § 1915(g), this provision allows a prisoner to proceed in forma pauperis on appeal if he "is under imminent danger of serious physical injury." Because plaintiff continues to allege that he is imminent danger of serious physical injury because of lack of treatment for weight loss and lesions on his organs, I conclude that he is not barred by his three-strike status.

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that he make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted the necessary trust fund account statement. Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment. Therefore, I will stay a decision on plaintiff's request for leave to proceed in forma pauperis pending his submission of the necessary trust fund account statement.


ORDER

IT IS ORDERED that a decision whether plaintiff Willie Simpson may proceed in forma pauperis on appeal is STAYED. Plaintiff may have until April 18, 2011 in which to submit a trust fund account statement for the six-month period beginning approximately August 23, 2010 and ending approximately February 23, 2011. If, by April 18, 2011,

2

plaintiff fails to submit the necessary trust fund account statement, I will deny his request for leave to proceed in forma pauperis on appeal for his failure to show that he is entitled to indigent status on appeal.

Entered this 28th day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge